Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4540 | **DATE** | 6/27/2011 |
| **CASE TITLE** | UNITED STATES of AMERICA *ex rel.* THERESA HILL v. CITY OF CHICAGO | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Relator's motion [46] for a ruling on the scope of discovery in part and GRANTS it in part. The Court provides guidelines on the scope of discovery consistent with its ruling in the text below. The Court DENIES Defendant's motion [39] to compel or bar in part, and GRANTS it in part. Relator must provide Defendant references to the statutes or regulations at issue. The Court DENIES Relator's motion [43] to compel without prejudice and instructs the parties to make further attempts to resolve the issue outside of court. Finally, the Court DENIES Defendant's motion [27] for a protective order, but provides the parties with guidelines below for determining which communications are privileged and subject to protection.

■[For further details see text below.]      Docketing to mail notice.

## STATEMENT

    Relator Theresa Hill filed this suit on behalf of the United States of America alleging violations of the False Claims Act, 31 U.S.C. § 3729, by Defendant City of Chicago. She claims to have witnessed the City filing false certifications of the existence of equal employment opportunity and affirmative action ("EEO/AA") programs that did not actually exist in order to secure federal funding. There are currently four motions before the Court.

    First, Relator filed a motion to define the scope of the case so as to inform the parties' approach to discovery. Defendant seeks to limit discovery, and the case in its entirety, to the circumstances surrounding one grant received by the Chicago Police Department that Relator specifically mentioned in the complaint. Defendant argues that Relator fails to meet the requirements of Rule 9(b) in pleading any other claim. Relator appropriately cites to a number of cases that support a holding that she has met the requirements of Rule 9(b). *See, e.g., U.S. ex rel. Salmeron v. Enterprise Recovery Sys, Inc.*, 464 F. Supp. 2d 766, 768 (N.D. Ill. 2006); *U.S. ex rel. Yannacopolous v. Gen. Dynamics*, 315 F. Supp. 2d 939, 945-46 (N.D. Ill. 2004). These cases hold that Rule 9(b) must be read in conjunction with the requirement of a short and plain statement in Rule 8(a). Furthermore, they hold that, as a result of this construction of 9(b), a plaintiff that alleges an extensive fraudulent scheme involving a large number of false claims need only allege the specific circumstances constituting fraud. This is especially true when the case is brought by a relator alleging fraud on a third party and, thus, the details surrounding the fraud are most likely in the defendant's possession. *Yannacopolous*, 315 F. Supp. 2d at 945-46. Relator has explained how the fraud took place, when it took place, and who in the City government was responsible for signing the claims (the Human Resources Department). The City should

be aware of when it certified compliance with any EEO/AA requirements to the federal government. Thus, Relator may proceed with discovery on these claims. However, Relator's claims are apparently limited by the statute of limitations.

Defendant filed a motion to compel or bar, which is essentially addressed by the ruling on the motion above. Defendant sought to have Relator identify the specific circumstances surrounding each claim referenced in the complaint or, in the alternative, to bar Relator from pursuing those claims. As noted above, this is information that is likely in Defendant's possession, not Relator's. However, Relator should provide to Defendant references to the specific statutes and/or regulations that require the City to make certifications regarding EEO/AA programs.

Relator also filed a motion to compel. In the motion, Relator seeks the right to depose a number of City employees. Defendant objects based on the sheer number of depositions (22), and based on the fact that certain of the potential deponents are public officials that are granted more discovery protections. *See Olivieri v. Rodriguez*, 122 F.3d 406, 409-10 (7th Cir. 1997). The Court does not have sufficient information to make a determination as to whether these individuals are public officials. Moreover, the Court feels that this is an issue more appropriate for resolution between the parties at this stage. The Court notes that in *Olivieri*, the court conditioned depositions on the plaintiff providing interrogatories that would help determine whether the depositions were necessary. Perhaps the parties could exchange such information in pursuit of a resolution.

The last motion before the Court is Defendant's motion for a protective order to protect a number of emails in Relator's possession that Defendant claims are subject to the attorney-client privilege and/or protection as attorney work product. In their briefs, the parties chronicle their dispute over each email in painstaking detail. The Court will not rule with the same detail, but, in the interests of efficiency, will instead simply provide guidelines for the parties to resolve their own dispute. First, the attorney-client privilege is undoubtedly held by the City in this case. Relator may also hold the privilege in some instances, but since the City as a whole is the client, and Relator sought advice in her official capacity, the privilege belongs to the City. Second, the privilege may attach to communications in which the City attorney recommends that the Relator communicate something to a third party. The attorney may still intend the reasoning for this recommendation to remain confidential, even if some information contained in the communication is not meant to be confidential. More obviously, an instruction from the attorney to Relator to relay information to a third party that also works for the city may be completely protected by the privilege. In this case, the communication may still be confidential as the third party is also part of the client. Finally, some planning for the implementation of an EEO/AA plan may be considered business-related, rather than legal advice, such as discussions about the size of the budget required to implement a plan. However, discussions about implementation that involve legal compliance are likely privileged.